## MAHLER *v.* HYMAN.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

**1. ATTORNEY AT LAW—PAYING OVER MONEY COLLECTED—TITLE OF CLIENT.**

An attorney at law employed to collect a judgment, and furnished by his client with a release and satisfaction piece from the judgment creditor for that purpose, cannot, after collecting the judgment, refuse to pay over the proceeds to his client, on the ground that there is no evidence to show that the client is the owner of the judgment in question.

**2. SAME—EVIDENCE.**

A client requested payment of the sum of $20, collected by an attorney for him on a chattel mortgage, to which the attorney replied that when he collected the rest of the mortgage he would "straighten up." *Held* sufficient evidence of the receipt of the $20 by the attorney.

Appeal from district court.

Action by Michael Mahler against Samuel F. Hyman to recover money collected by defendant as attorney for plaintiff. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Samuel F. Hyman, in pro. per.*

PRYOR, J. At the close of plaintiff's case defendant moved to dismiss the complaint on the ground that no evidence was produced to show that plaintiff was owner of the judgment which he had intrusted to defendant to collect; it appearing that one Hahn was the judgment creditor. It is a perfect answer to this contention that the plaintiff retained the defendant to collect the judgment; that the defendant accepted the retainer from the plaintiff; that to enable defendant to collect the judgment plaintiff furnished him a re-

lease and a satisfaction piece from the judgment creditor; that of the $100 collected by defendant he paid $50 to plaintiff, and now he refuses to account for the balance, without pretense of other justification than the claim that the evidence exhibits no legal transfer of the judgment to plaintiff, Mahler. It is not apparent that Hahn, the judgment creditor, asserts a right to the money, or makes objection to its payment to plaintiff. By what authority, then, does defendant refuse payment to plaintiff, his client? He was bailee of the claim for plaintiff, and so is estopped to deny plaintiff's title to the money. His contract was to account to his client for the money collected on the claim intrusted to him by plaintiff; and it is no concern of his whether his client was accountable over for the money to somebody else. The position of clients would be precarious indeed if, when they claim money collected on their retainer, the lawyer can resist its payment on the pretense that it belongs to another, who, however, himself asserts no title to it. Defendant's contention is as destitute of legal as of moral support. As to the $20 collected on the chattel mortgage, defendant contents that there is no evidence of its receipt by him. We think otherwise. On the examination of the plaintiff this occurred: "Did you speak to him [defendant] about this $20? *Answer.* Yes. *Question.* What did he say? *A.* He said when he collected the rest of it, he will straighten up,"—a plain admission of the receipt of $20, especially in view of the fact that defendant did not venture to deny its receipt. Judgment affirmed, with costs. All concur.